IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SANTIAGO ACOSTA-TORRES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON SENTENCING<br><br><br><br>Case No. 2:06-CR-559 TS |

Defendant came before the Court for sentencing on December 13, 2007. This Order is to explain the Court's reasoning and justification in applying the 16-level enhancement found in U.S.S.G. § 2L1.2(b)(1)(A)(ii).

I. BACKGROUND

On July 13, 2000, Defendant was charged with one count of Child Abuse/Neglect, a second degree felony.[1] On November 13, 2000, Defendant entered a guilty plea[2] and was sentenced on December 15, 2000. Defendant was then deported on January 10, 2002.

---

[1] Docket No. 47, Exhibit B.

[2] Docket No. 47, Exhibit C.

1

On or about July 26, 2006, Defendant illegally reentered the United States.[3] Defendant was indicted on August 9, 2006, on a violation of 8 U.S.C. § 1326.[4] On that same day, the government filed a Notice of Sentencing Enhancement stating that it would seek to enhance Defendant's sentence based on his previous conviction.[5] After he was indicted, but prior to his decision to change his plea, Defendant's prior conviction was vacated on the grounds of ineffective assistance of counsel.[6]

Defendant entered a guilty plea in this matter on October 29, 2007.[7] As part of that agreement, Defendant reserved the right to challenge whether his previous conviction is an appropriate enhancement of his sentence.[8] Defendant now makes two arguments. First, Defendant argues that the sentencing enhancement set out in U.S.S.G. § 2L1.2(b)(1)(A)(ii) should not apply because his prior conviction was vacated. Second, even if his prior conviction can be considered, Defendant argues that the crime of child abuse is not a crime of violence. The Court addresses each of these arguments in turn.

---

[3] Docket No. 1.

[4] *Id*.

[5] Docket No. 3.

[6] Docket No. 23.

[7] Docket No. 36.

[8] Docket No. 37, at 5.

II.  DISCUSSION

A.    Prior Conviction

Defendant argues that his prior conviction should not be considered, and the 16-level enhancement set forth in U.S.S.G. § 2L1.2(b)(1)(A)(ii) should not apply, because his prior conviction has been vacated.  Defendant's argument is foreclosed, however, by Tenth Circuit precedent.

U.S.S.G. § 2L1.2(b)(1)(A)(ii) provides for a 16-level enhancement if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is a crime of violence.

The Tenth Circuit addressed a similar issue to that raised by Defendant in *United States v. Cisneros-Cabrera*.[9]  In that case, the defendant was charged with illegal reentry after deportation following a conviction for an aggravated felony.[10]  While his prosecution was pending, the defendant was able to vacate his prior conviction on the grounds of ineffective assistance of counsel.[11]  Defendant then argued that the 16-level enhancement based on his prior aggravated felony should not be applied.[12]  The trial court rejected the defendant's argument and applied the 16-level ehancement.[13]

---

[9] 110 F.3d 746 (10th Cir. 1997).

[10] *Id*. at 747.

[11] *Id*.

[12] *Id*.

[13] *Id*.

The Tenth Circuit, in affirming the trial court, held that the controlling circumstances applicable were those which existed at the time the defendant reentered the United States.[14] At the time he reentered, the conviction was still valid.[15]  Thus, the enhancement was proper.[16] *Cisneros-Cabrera* remains good law in this circuit.

Other courts that have considered the issue have reached the same conclusion.  In *United States v. Luna-Diaz*,[17] the First Circuit held that a Defendant who, at the time of deportation, had been convicted of an aggravated felony, was subject to a 16-level sentencing enhancement, even though his prior aggravated felony conviction had been vacated.[18]  In *United States v. Garcia-Lopez*,[19] the Seventh Circuit held that the trial court should have applied the 16-level increase found in U.S.S.G. § 2L1.2(b)(1)(A)(ii) even though Defendant's prior conviction for a crime of violence had been vacated.[20]  Finally, the Eleventh Circuit summarily rejected an argument similar to Defendant's in *United States v. Orduno-Mireles*.[21]

Based on the controlling precedent from the Tenth Circuit and case law from other circuits, Defendant's argument must be rejected.  The Court can and will consider Defendant's prior conviction.

---

[14]*Id*.

[15]*Id*. at 748.

[16]*Id*.

[17]222 F.3d 1 (1st Cir. 2000).

[18]*Id*. at 4–6.

[19]375 F.3d 586 (7th Cir. 2004).

[20]*Id*. at 587.

[21]405 F.3d 960, 961 n.1 (11th Cir. 2005).

B. <u>Crime of Violence</u>

Defendant also argues that his prior conviction for child abuse was not a crime of violence. Defendant concedes that his prior conviction was a felony.

The commentary to U.S.S.G. § 2L1.2 defines crime of violence as any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person.

To determine whether a prior offense is a crime of violence, courts apply the categorical approach outlined in *Taylor v. United States*.[22] Under this approach, the Court examines only the statutory definitions of the prior offenses and not to the particular facts underlying those convictions. "But when an examination of the statute reveals that the statute "reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records."[23]

Under the modified categorical approach, "the court is limited to examining 'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'"[24]

Following the categorical approach, the Court turns to the statute under which Defendant was convicted. Utah Code Ann. 76-5-109(2)(a) provides:

---

[22] 495 U.S. 575, 600 (1990).

[23] *United States v. Romero-Hernandez*, ---F.3d---, 2007 WL 3010971, *2 (10th Cir. Oct. 16, 2007) (quoting *United States v. Martinez-Hernandez*, 422 F.3d 1084, 1086 (10th Cir. 2005)).

[24] *Id*. (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

5

> Any person who inflicts upon a child serious physical injury or, having the care or custody of such child, causes or permits another to inflict serious physical injury upon a child is guilty of an offense as follows: (a) if done intentionally or knowingly, the offense is a felony of the second degree; (b) if done recklessly, the offense is a felony of the third degree; or (c) if done with criminal negligence, the offense is a class A misdemeanor.

Under the statute, serious physical injury is defined as:

> any physical injury or set of injuries that: (A) seriously impairs the child's health; (B) involves physical torture; (C) causes emotional harm to the child; or (D) involves substantial risk of death to the child.[25]

The statute set forth above "does not necessarily include the use or threatened use of 'physical force' as required by the guidelines" and is not categorically a "crime of violence."[26] For example, the statute could be violated without the use of force, such as failing to remove a child from an abusive caretaker.[27] Because the statute is overly inclusive, the Court must move to the modified categorical approach to determine whether the 16-level enhancement is applicable here.

As noted above, the Court's review is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant. The government has provided the Court with the charging document and the plea agreement. The government has also provided a police report, which has not been considered by the Court.

In examining the relevant documents, the Court finds that Defendant's prior conviction was a crime of violence. The charging document makes clear that Defendant was charged with

---

[25] Utah Code Ann. § 76-5-109(1)(d)(i).

[26] *United States v. Perez-Vargas*, 414 F.3d 1282, 1287 (10th Cir. 2005).

[27] *See id*. (citing *United States v. Gracia-Cantu*, 302 F.3d 308, 312–13 (5th Cir. 2002)).

intentionally or knowingly inflicting serious physical injury upon a child, a second degree felony. The charging document states that Defendant admitted that he flicked the child on the ear and on the head many times causing injury.  In the plea agreement, Defendant admits that he squeezed the child, causing injuries to him.  Based on this information, using the modified categorical approach, the Court finds that Defendant's prior conviction for child abuse had an element of physical force and was a crime of violence.  Therefore, the 16-level enhancement found in § U.S.S.G. 2L1.2(b)(1)(A)(ii) is applicable.

### III.  CONCLUSION

For the reasons set forth above, the Court can and will consider Defendant's prior vacated conviction.  The Court finds that Defendant's prior conviction was a crime of violence under the modified under the modified categorical approach.  Therefore, the 16-level enhancement found in § U.S.S.G. 2L1.2(b)(1)(A)(ii) is applicable here.

DATED   December 13, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge